KEVIN A. DARBY, NVSB# 7670
TRICIA M. DARBY, NVSB# 7959
DARBY LAW PRACTICE, LTD.
499 W. Plumb Lane, Suite 202
Reno, Nevada 89509
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com
         tricia@darbylawpractice.com

Counsel for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>LA TANA LLC,<br><br>               Debtor.<br><br>_____/ | CASE NO.: BK-N-25-50375-hlb<br>Chapter 11 – Subchapter V<br><br>**MOTION FOR ORDER COMPELLING CHASE BANK AND/OR CHASE MERCHANT SERVICES TO TURNOVER PROPERTY OF THE ESTATE TO DEBTOR IN POSSESSION**<br><br>Hearing Date: August 5, 2025<br>Hearing Time: 2:30 p.m. |

Debtor and debtor in possession, LA TANA LLC ("Debtor"), by and through its counsel of record, Kevin A. Darby, Esq. of Darby Law Practice, Ltd., hereby seeks an order of this Court: (1) compelling Chase Bank, NA and/or Chase Merchant Services ("Chase") to turnover property of Debtor's bankruptcy estate, which Chase froze and seized pre-petition, and continues to hold on the post-petition (the "Motion"). This Motion is made pursuant to 11 U.S.C. §§105, 362, 541 and 542, is supported by the Declarations of Richard Bragiel (the "Bragiel Declaration") and Kevin A. Darby, Esq. (the "Darby Declaration"), and is based on the following points and authorities.

**POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Chase is in possession and control of $15,312.09 that is property of Debtor's bankruptcy estate. Those funds are comprised of credit card payments made by Debtor's customers, which Chase facilitated as Debtor's credit card processing servicer. Those funds were frozen after Chase

received a notice of a UCC lien claim by a merchant cash advance lender. Debtor, through Counsel, has made multiple demands for Chase to turnover $15,312.09 to Debtor, but has received no response. Based on the foregoing, and as more fully detailed below, this Court should enter an order:

1. compelling Chase immediately return and pay $15,312.09 to Debtor; and

2. awarding Debtor attorney's fees and costs incurred in bringing this Motion.

## II. FACTUAL BACKGROUND

1. On April 24, 2025, (the "Petition Date"), Debtor filed for bankruptcy protection under Chapter 11 Subchapter V of the Bankruptcy Code.

2. Debtor, a Nevada limited liability company, owns and operates two restaurants in Carson City, Nevada: (1) Mangia Tutto – a full service Italian restaurant; and (2) US Sub Base – a delicatessen.

3. Pre-petition, Debtor used Chase's services to process credit card payments made by Debtor's customers.

4. Also pre-petition, Chase informed Debtor that it had received a notice of UCC lien claim from a merchant cash advance lender against Debtor's receivables and, as a result, froze $15,312.09 in funds owned by Debtor (the "Frozen Funds"). Attached to the Bragiel Declaration as Exhibit 1 is a copy of a digital report from Chase itemizing the $15,312.09 in payments that are frozen.

3. On or before April 28, 2025, Debtor, through Counsel, made written demand for Chase to return the Frozen Funds. *See Darby Declaration,* Exhibit 1.

3. As of the date of this Motion, Chase has failed to respond to Counsel's demand letter or otherwise turnover the Frozen Funds to the Debtor and its bankruptcy estate.

## III. LEGAL DISCUSSION

**A. Chase should be compelled to turnover and transfer the Frozen Funds to Debtor.**

Pursuant to 11 U.S.C. §541 all property owned by the Debtor on the Petition Date became property of a bankruptcy estate subject to the jurisdiction of this Court and the protections of the Bankruptcy Code. Section 542(a) of the Code provides that any person or entity in possession or control of property of the estate shall deliver such property to the estate and account for the property

or the value of the property.

In this case, it cannot be disputed that all funds held by Chase as Debtor's credit card processor, including the Frozen Funds, constitute property of Debtor's bankruptcy estate. Pursuant to 11 U.S.C. §542(a), Chase must return the Frozen Funds to the Debtor. However, Chase has refused and failed to do so. Therefore, it has become necessary for this Court to enter an order compelling Chase to transfer the Frozen Funds back to the Debtor at Chase's sole expense.

## IV.    CONCLUSION

Based on the foregoing, this Court should enter an order:

1. compelling Chase to return and convey the Frozen Funds to the Debtor immediately; and

2. awarding any such other relief this Court deems to be appropriate or necessary.

DATED this 26th day of June, 2025.

DARBY LAW PRACTICE, LTD.

*/s/ Kevin A. Darby*
By:_____
KEVIN A. DARBY, ESQ.
Attorney for Debtor

-3-